### Tillie Bradenkamp, Appellee, v. Annie Rouge et al., Appellants.

EVIDENCE—*what competent to show existence of liability to pay for services rendered.* Expressions of intention to pay are competent as tending to show liability.

Assumpsit. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

C. E. POPE, for appellants.

D. E. KEEFE, for appellee.

MR. JUSTICE ·MYERS delivered the opinion of the court.

This is an action.in assumpsit brought in the Circuit Court of St. Clair county, Illinois, by appellee, Tillie Bradenkamp, against appellants, Annie Rouge and Tillie Joergensen, to recover $500. A trial was had at the September, 1907, term of court. The jury found in favor of the plaintiff and assessed damages in the sum of $500. A motion for new trial was argued and overruled, and from a judgment on the verdict the defendants appealed.

The declaration upon which the case was tried consists of the common counts consolidated and two special counts, the first of which, in substance, alleges that plaintiff on or about October 1, 1904, was employed by one Mary Kemper, the mother of the defendants, as a nurse and housekeeper in her last illness, and that said Mary Kemper agreed with the plaintiff that she should be paid $500 for services of every kind rendered by her prior to and up to the time of the death of said Mary Kemper, who being desirous that the plaintiff should be paid the said sum of $500 without having to collect same by the process of law, requested the defendants, her sole heirs, that they would immediately after her death, pay the plaintiff the said sum of $500, in consideration that they should take all of the estate of said Mary Kemper, which was of great value, to-wit: $20,000, and that plaintiff would have no expense or delay in securing payment of said sum, and in consideration thereof the defendants and each of them, jointly and severally, promised the said Mary Kemper and the plaintiff that the defendants would upon the death of the said Mary Kemper, pay the plaintiff the said sum of $500; that said Mary Kemper departed this life intestate on December 31, 1904, and said defendants did take the whole of her estate and the plaintiff did not attempt to collect said sum of money by legal process or present her claim to any court for payment or allowance and the defendants ·

refused and neglected to pay the plaintiff the said sum mentioned. The second special count alleges, that on or about the first day of September, 1904, plaintiff was employed by one Mary Kemper, mother of the defendants, to work as nurse and housekeeper and continued in such employment up to the time of the said Mary Kemper's death, about December 31, 1904, and that a short time prior to the death of said Mary Kemper, she agreed with the plaintiff that she should be paid for the services so rendered to her, the sum of $500; that on or about December 31, 1904, the said Mary Kemper died intestate, leaving an estate worth $20,000 and leaving defendants as her only children and heirs, and that defendants requested plaintiff not to present to the Probate Court of St. Clair county, where the said estate of Mary Kemper was being administered, her said claim of $500 which was due her from the estate of said Mary Kemper, and in consideration thereof, the plaintiff would not so present said claim for allowance, the defendants and each of them promised the plaintiff to pay to her the said sum of $500 before the expiration of one year after the date of letters of administration were issued on the estate of said Mary Kemper, whereby plaintiff avers that on the 21st day of December, 1906, there became and was due from the defendants to the plaintiff said sum of $500; that the time of payment is long since past, that the defendants and each of them refuse to pay the said plaintiff the $500, or any part thereof, and still refuse so to do to the damage of the plaintiff, etc.

Each of the special counts alleges a cause of action, averring a promise based upon a valid and binding consideration and with evidence in the record tending to prove the cause of action alleged the verdict is conclusive, unless there was prejudicial error in the proceedings by which it was obtained that will justify a reversal of the judgment. We have carefully examined the abstract on file and fully considered the argu-

ment of counsel and find no such error. Complaint is made of the court's rulings in the admission and exclusion of evidence. The testimony of witnesses of statements made by Mrs. Kemper, in the absence of appellants, that she wanted the plaintiff to be paid the sum of $500 because she had been good to her, and other like expressions of intention to pay for kindness or service rendered, were competent as tending to prove a legal liability or basis of a legal claim against the estate, claimed by appellee to have been withheld from probate on the promise of appellants to pay as set forth in the second count. Most of the evidence in this line to which objection was made would have been competent in proving a claim against Mrs. Kemper's estate and the rule which would admit it in probating a claim makes it admissible under the issues here, with this difference only, that in this case, the plaintiff is a competent witness in her own behalf—the action not being against the appellants as heirs, but upon their promise as individuals. Some of the evidence objected to was irrelevant and immaterial, but not being of a character different from that which was properly admitted, or in proof of facts undisputed, we do not think it was harmful or was calculated to influence the jury to appellants' prejudice. The appellee asked but one instruction, which was given by the court, and we think it calls for a finding upon the evidence of all the disputed facts necessary to warrant a verdict in favor of the plaintiff under the second count. It is not disputed that the plaintiff worked for Mrs. Kemper, nor that she promised or said she was to have $500. While the instruction is subject to criticism, fairly considered, it states substantially the issue to be determined and properly directs the jury as to their finding.

Finding no error in the record prejudicial to the rights of appellants, the judgment of the Circuit Court will be affirmed.

*Affirmed.*